George W. Gekas, Plaintiff, *v.* Governor Milton J. Shapp, Secretary Frank C. Hilton and State Treasurer Grace M. Sloan, Defendants.

Argued December 2, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*George W. Gekas,* with him *Robert B. Lieberman* and *Melman, Gekas* and *Nicholas,* for plaintiff.

*Gerry J. Elman,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., January 16, 1975:

George W. Gekas (Plaintiff) filed a Complaint in Equity in our Court, seeking to enjoin Governor Milton J. Shapp, Frank C. Hilton, Secretary of Property and Supplies, and Grace M. Sloan, State Treasurer (Defendants) from taking further steps to implement two leases for office space which had been executed on behalf of the Commonwealth.

The first lease provided space for the use of the Division of Vital Statistics of the Department of Health in New Castle, Pennsylvania. The second leased space in Lewistown, Pennsylvania, was to be used by two bureaus of the Department of Revenue. Both proposed sites are outside the geographic confines of Harrisburg, the capitol of the Commonwealth of Pennsylvania.

We are asked to decide whether Defendants' preliminary objections should be sustained. These objections should be and are sustained.

Winding through the tortuous path charted by Plaintiff's complaint, we find the first relevant paragraphs relating to preliminary objections lodged are paragraphs eight (8) and nine (9) which state:

"8. The execution of these leases by the defendant, Frank C. Hilton, Secretary of Property and Supplies, is violative of the statutory law of the Commonwealth of Pennsylvania as provided in: Subsection (d) of Section 2402 of the Act of April 9, 1929, P.L. 177, No. 175, (71 P.S. §632), known as 'The Administrative Code of 1929'."

"Section 2402. Grounds, buildings and monuments in general. The Department of Property and Supplies shall have the power, and its duty shall be:

"(d) To contract in writing for and rent proper and adequate offices, rooms, or other accommodations, outside of the Capitol buildings, for any department, board, or commission, which cannot be properly and adequately accommodated with offices, rooms, and accommodations in the Capitol buildings; and, in all cases in which the head of a department, for such department or for a departmental administrative board or commission within such department, or an independent administrative board or commission, with the approval of the Executive Board, has established or is about to establish a branch office in any city or place outside of the capitol city, with the approval of the Board of Commissioners of Public Grounds and Buildings, to contract in writing for and rent such offices, rooms, and other accommodations, as shall be proper and adequate for such department, board, or commission."

"9. The pertinent provisions of said statute prohibit the Department of Property and Supplies from entering into lease contracts for offices outside of the Capitol buildings for any department which can be

properly and adequately accommodated with offices in the Capitol buildings."

Defendants' preliminary objections in the nature of a demurrer first aver that the complaint fails to state a cause of action under Section 2402(d) of The Administrative Code, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §632(d).

Defendants correctly observe that Plaintiff's complaint, paragraphs eight (8) and nine (9), inaccurately characterizes Section 2402(d). Plaintiff's interpretation of Section 2402(d) urges us to conclude that the Department of Property and Supplies may not lease offices "outside Harrisburg" if offices can be "properly and adequately accommodated with offices in Capital buildings." However, Plaintiff fails to read the statute in its proper context. The "properly and adequately . . . accommodated in the Capitol buildings" condition refers to leases for office space within Harrisburg. Office space located in other municipalities of the Commonwealth, for example, New Castle and Lewistown, are legitimatized by that portion of Section 2402(d) which includes the language "in all cases." It is obvious that the Legislature intended the distinction between sites in the Capitol City and locations beyond when it specifically provided so by inserting two different clauses, one referring to accommodations "within" and one to cover "any city or place outside the capitol."

Section 2402(d), as we view it, anticipates, and thus provides for two distinct situations wherein office facilities are to be located. The first clause refers to department space within Harrisburg as a "central office" while the second clause deals with "branch offices" of the various governmental departments.

The question which now necessarily arises is, were these leases extended for the purpose of establishing branch offices?

Section 220 of The Administrative Code, 71 P.S. §80 states:

"Each administrative department, and each independent administrative board and commission, shall maintain a central office at Harrisburg in rooms assigned to it by the Governor. *The head of any department,* or any independent administrative board or commission *may, with the approval of the Governor, establish and maintain, at places other than Harrisburg, branch offices for the conduct of any one or more functions of such department,* board, or commission or of any departmental administrative or advisory board or commission in such department." (Emphasis added.)

We have no problem in deciding that moving the Division of Vital Statistics of the Department of Health, and two bureaus of the Department of Revenue outside of the City of Harrisburg is valid under Section 220. Each division or bureau with which we are here concerned conducts one or more functions of the parent Department and in doing so serves as a "branch" of that Department operating in a geographic sphere convenient to the public which it is ordained to serve. Moreover, Sections 2402(d) and 220 are addressed to the singular problem of locating space for state government offices and being so, should be read *in pari materia.* The Statutory Construction Act, 1 Pa. C. S. §1932(a) (b). This warrants the inescapable conclusion that there are different criteria to be observed when considering the validity of a proposed branch location or in contrast, the central office. We agree with Defendants' interpretation of these sections. There is no requirement when establishing a branch office, which by definition must be outside the confines of Harrisburg, that it cannot be accommodated within Capitol buildings.

Defendants proffer other objections to the sufficiency of the complaint[1] but since we have concluded that the preliminary objections going to Sections 2402 (d) and 220 of The Administrative Code have merit and consequently determine the legal substance, we pass them by. Likewise, it is needless for us to reach the jurisdictional objections to Plaintiff's standing, and Defendants' Motion to Strike for want of compliance with the Pennsylvania Rules of Civil Procedure in structuring the complaint. The issue of laches need not now be decided.

Consistent with the foregoing, the preliminary objections to Plaintiff's complaint in equity are sustained and the complaint is dismissed.

---

1. Defendants also allege that the complaint is insufficient because, a) the complaint does not negate the likely possibility that the subject government division and bureaus cannot be accommodated in the Capitol buildings during the terms of the leases, b) although the statute provides that the department, board or commission is the relevant unit to consider, the complaint is silent as to whether Revenue or Health can or cannot be accommodated in the Capitol buildings, and c) the complaint fails to allege that the space to be vacated will be left unoccupied or that there will not be a counterbalancing saving in rent.