364 A.2d 691

George W. GEKAS, Appellant,

v.

Governor Milton J. SHAPP et al.

Supreme Court of Pennsylvania.

Argued May 4, 1976.

Decided Oct. 8, 1976.

2

Melman, Gekas & Nicholas, George W. Gekas, Harrisburg, for appellant.

Gerry J. Elman, Deputy Atty. Gen., Harrisburg, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

JONES, Chief Justice.

In this appeal, we are called upon to review the decision of the Commonwealth Court sustaining preliminary objections to appellant's complaint in equity.[1] After reviewing the pleadings and applicable law, we are convinced that the Commonwealth Court reached the correct result and will affirm.

In 1974, the appellant, George W. Gekas, in his capacity as citizen and taxpayer, filed a complaint in equity in

---

1. Jurisdiction of this Court is based upon the Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 203, 17 P.S. § 211.203, which provides that "[t]he Supreme Court shall have exclusive jurisdiction of appeals from all final orders of the Commonwealth Court entered in any matter which was originally commenced in said court and which does not constitute an appeal from another court, an administrative agency or a justice of the peace."

the Commonwealth Court seeking to enjoin the appellees, Governor Milton J. Shapp, Secretary of Property and Supplies, Frank C. Hilton and State Treasurer, Grace M. Sloan, from taking further steps to implement office leases executed by the appellee, Frank C. Hilton. The leases were entered into pursuant to the transfer and relocation of the Division of Vital Statistics in the Department of Health from Harrisburg, Pennsylvania, to New Castle, Pennsylvania, and the Bureau of Liquid Fuels Tax and the Bureau of Cigarette and Beverage Taxes in the Department of Revenue from Harrisburg, Pennsylvania, to Lewistown, Pennsylvania.

The gist of appellant's confusing complaint appears to be that the removal of these offices from their present locations in Harrisburg where, according to appellant, they are presently "properly and adequately" accommodated, constitutes a waste of taxpayers' money. He alleges that this removal is in violation of Section 2402(d) of the Administrative Code of 1929, which provides in pertinent part:

"The Department of Property and Supplies shall have the power, and its duty shall be:

\*    \*    \*    \*    \*    \*    \*    \*

(d) To contract in writing for and rent proper and adequate offices, rooms, or other accommodations, outside of the Capitol buildings, for any department, board, or commission, which cannot be properly and adequately accommodated with offices, rooms, and accommodations in the Capitol buildings; and, in all cases in which the head of a department, for such department or for a departmental administrative board or commission within such department, or an independent administrative board or commission, with the approval of the Executive Board, has established or is about to establish a branch office in any city or place outside of the Capital city, with the approval of the Board of Commissioners of Public Grounds and

Buildings, to contract in writing for and rent such offices, rooms, and other accommodations, as shall be proper and adequate for such department, board, or commission."

Act of April 9, 1929, P.L. 177, Art. XXIV, § 2404, *as amended,* 71 P.S. § 632.

Article nine of appellant's complaint states:

"The pertinent provisions of said statute prohibit the Department of Property and Supplies from entering into lease contracts for offices outside of the Capitol buildings for any department which can be properly and adequately accommodated with offices in the Capitol buildings."

The appellees filed preliminary objections in the form of a demurrer on the grounds that appellant's complaint failed to state a cause of action cognizable at equity.[2] The Commonwealth Court sustained appellees' demurrer. *Gekas v. Shapp,* 17 Pa.Cmwlth. 118, 330 A.2d 893 (1975). Thus, the sole issue before us is whether the Commonwealth Court properly sustained the preliminary objections.

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Buchanan v. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 320 A.2d 117 (1974); *Bordon v. Baldwin,* 444 Pa. 577, 281 A.2d 892 (1971); *Papieves v. Lawrence,* 437 Pa. 373, 263 A.2d 118 (1970). In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Hoffman v. Misericordia Hospital of Philadel-*

2. Because of our disposition, we need not reach appellees' other objections.

*phia,* 439 Pa. 501, 267 A.2d 867 (1970); *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969); *Papieves v. Lawrence, supra.* If there is any doubt, this should be resolved in favor of overruling the demurrer. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970).

▮ Here, the Commonwealth Court was correct in holding that appellant's complaint was deficient on its face. In that court's view, the appellant incorrectly characterized section 2402(d) of the Administrative Code when he interpreted it to mean that office space outside of Harrisburg may never be rented when there is adequate room within the capitol buildings. In interpreting the statute, the Commonwealth Court stated:

> "The 'properly and adequately . . . accommodated in the Capitol buildings' condition [in Section 2402(d)] refers to leases for office space within Harrisburg. Office space located in other municipalities of the Commonwealth, for example, New Castle and Lewistown, are legitimatized by that portion of Section 2402(d) which includes the language 'in all cases'. It is obvious that the Legislature intended the distinction between sites in the Capital City and locations beyond when it specifically provided so by inserting two different clauses, one referring to accommodations 'within' and one to cover 'any city or place outside the capitol'.
>
> Section 2402(d), as we view it, anticipates, and thus provides for two distinct situations wherein office facilities are to be located. The first clause refers to department space within Harrisburg as a 'central office' while the second clause deals with 'branch offices' of the various governmental departments."

*Gekas v. Shapp,* 17 Pa.Cmwlth. 118, 121, 330 A.2d 893, 895 (1975).

In applying its interpretation of Section 2402(d) to the instant case, the Commonwealth Court looked to Section 220 of the Administrative Code which provides:

"Departmental offices

Each administrative department, and each independent administrative board and commission, shall maintain a central office at Harrisburg, in rooms assigned to it by the Governor. The head of any department, or any independent administrative board or commission, may, with the approval of the Governor, establish and maintain, at places other than Harrisburg, branch offices for the conduct of any one or more functions of such department, board, or commission, or of any departmental administrative or advisory board or commission in such department."

Act of April 9, 1929, P.L. 177, Art. II, § 220, *as amended*, 71 P.S. § 80. The Commonwealth Court concluded that the contemplated moves were valid under this provision.

■ It is clear that the *Division* of Vital Statistics and the *Bureau* of Liquid Fuels Tax and the *Bureau* of Cigarette and Beverage Taxes are not Departments, Boards or Commissions under either Section 2402(d) or Section 220 of the Administrative Code. The appellees are not contracting to move the central offices of the *Departments* of Health or Revenue from the capitol buildings which would require a factual inquiry into whether these could be "properly and adequately accommodated therein. Rather, "Divisions" and "Bureaus" are branches of their respective departments because they "conduct . . . any one or more functions of such department . . . ."

Since branch offices under the second clause of Section 2402(d) may be established without regard to the availability of office space within the capitol buildings, the

appellant has failed to state a cause of action. There-fore, the preliminary objections are sustained, and the decision of the Commonwealth Court is affirmed.

Parties to bear own costs.