## Cram v. Briar Creek Mutual Insurance Company

*H. William Koch,* for plaintiffs.
*Richard J. Callahan,* for defendant.

RANCK, *J.,* December 1, 1977—Plaintiffs have brought this suit in assumpsit to compel payment under the terms of a fire insurance policy issued by defendant. Defendant issued said policy on October 15, 1974, to cover plaintiffs' barn, cattle and farm equipment. The insured property was subsequently destroyed by fire on December 24th of the same year and plaintiffs thereupon gave notice of the loss to defendant. No adjustment of the loss

was made and plaintiffs consequently commenced the present action.

Defendant has filed an answer to the complaint with new matter, alleging that it is not liable since the hazard to the property was increased by means within the control or knowledge of plaintiffs in contravention of the terms of the policy. It avers that the fire was caused by the acts of plaintiffs' 28-year old son who resides with them; and that plaintiffs knew, or should have known, of their son's pyromaniacal tendencies in view of past experience. Further, that the loss "was the direct and proximate result of the intentional act of arson by an insured within the provisions of [the] policy." Plaintiffs have filed preliminary objections in the nature of a demurrer to this new matter and, in effect, ask us to hold as a matter of law that defendant's averments constitute no credible defense. This, we cannot do.

The insurance policy or contract provides, in pertinent part:

"Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured . . ." Since a demurrer admits as true all well-pleaded material facts and any reasonable inferences arising therefrom (Buchanan v. Brentwood Federal Savings and Loan Assoc., 457 Pa. 135, 320 A.2d 117 (1974)), we must assume, arguendo, that plaintiffs knew of their son's incendiary inclinations. Counsel agree that the salient issue, then, is whether plaintiffs' knowledge of their son's pyromaniacal tendencies increased the hazard of loss under the policy of insurance issued by defendant.

We do not believe that this issue can be appropriately determined by a demurrer. It has long been held that whether the circumstances known to the insured constitute an increase of hazard, regardless of the nature of the circumstances, is a question of fact for the jury: Long v. Beeber, 106 Pa. 466, 471, 41 L.I. 480 (1884); Jenkins v. Franklin Fire Insurance Co., 282 Pa. 380, 386, 127 Atl. 386 (1925); Smith et al. v. Penn Township Mutual Fire Association, 323 Pa. 93, 100, 186 Atl. 130 (1936); St. Louis Fire & Marine Ins. Co. v. Witney et al., 96 F. Supp. 555, 562 (M.D. Pa., 1951). Plaintiffs in their brief maintain that defendant was completely aware of their son's difficulty at the time the policy was written. This would certainly be a very telling argument, but one of which this court cannot take cognizance since the facts supporting it are outside the record of the case: Alwine v. Erb, 11 D.&C. 2d 279, 285 (1955).

In order to sustain plaintiffs' demurrer, it would be necessary to find that defendant's new matter, on its face, failed to set forth a credible defense. Where doubt exists, it must be resolved against the demurrant: Gekas v. Shapp et al., 469 Pa. 1, 5-6, 364 A.2d 691 (1976). On the present state of the record, we cannot say with certainty that defendant's defense is meritless, and we must, therefore, overrule the demurrer. This decision, of course, in no way precludes a later pretrial resolution of the dispute on a more complete record: Pa. R.C.P. 1034 and 1035.

We enter the following

## ORDER

And now, December 1, 1977, after due consideration of counsels' written and oral arguments, it

is ordered and directed that plaintiffs' preliminary objections in the nature of a demurrer be, and the same are hereby, denied. Plaintiffs shall have 20 days from the date herein to file a responsive pleading.