# Amelio v. Amelio

*Anthony M. Muir,* for plaintiff.
*F. Paul Laubner,* for defendant.

MELLENBERG, *J.,* May 8, 1981—On November 28, 1980 plaintiff, Rudolph G. Amelio, filed a complaint seeking a divorce under section 201(d) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq. That section provides in pertinent part: "It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years. . . ."

Plaintiff averred in his complaint that the parties lived "separately and apart" for a period of three years, and also that they lived in the same dwelling at 2705 Highland Street, Allentown, Pa. Defendant demurred to plaintiff's complaint asserting in support of her preliminary objection that the statutory provision of "living separate and apart" requires that the parties live in separate dwellings for a requisite three-year period. It is this demurrer that is before the court for disposition.

In order to sustain defendant's demurrer it is essential that plaintiff's complaint indicate on its face that his claim for a divorce cannot be sustained and

the law will not permit the granting of a divorce on the grounds indicated. If there is any doubt, this should be resolved in favor of overruling the demurrer: Gekas v. Shapp, 469 Pa. 1, 5, 6, 364 A. 2d 691, 693 (1976).

There appear to be no reported cases in Pennsylvania interpreting section 201(d) of the Divorce Code with regard to defendant's position. Other jurisdictions with similar statutory provisions support both the interpretation of requiring separate residences to qualify under the provision, and also that separate residences are not required.

The policy of the Commonwealth of Pennsylvania expressed as the legislative intent in section 102(a)(1) and (b) of the Divorce Code, supra, is to make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience, which objective shall be considered in construing the provisions of the act. In addition to expressing the policy by which the act is to be construed, the legislature, in section 104, has defined "separate and apart" as the complete cessation of any and all cohabitation. Cohabitation has been defined as the mutual assumption of those marital rights, duties and obligations which are usually manifested by married people: Boyd v. Boyd, 228 Cal. App. 2d 374, 39 Cal. Reptr. 400, 404 (1964). A fair reading of section 201(d), the definition of "separate and apart" in section 104, and the expressed policy and intent of the legislature in section 102(a) and (b) would indicate an overriding interest in the granting of a divorce as determined by whether or not there has been a cessation of marital relations. Separate lives, and not separate roofs, appear to be the gravamen of section 201(d).

The realities of matrimonial experience dictate that economic urgencies, as well as other reasons,

may impel spouses to remain under the same roof long after marital relations may otherwise have ended. A wall of silence or detachment may be equally as effective a barrier between parties as any wall of brick or stone in establishing a cessation of cohabitation.

Joint residency may impose upon a party seeking a divorce under section 201(d) the difficult position of proving there has been a complete cessation of any and all cohabitation, but difficulty of proof is not impossibility of proof and should not preclude proof and entitlement to divorce under that section. The court therefore concludes that plaintiff is entitled to prove that there has been a complete cessation of all marital relations for a period of three years notwithstanding that the parties have been residing in the same dwelling and that defendant's preliminary objection in the form of a demurrer must be denied.

In disposing of defendant's preliminary objection, the court is not making a determination that the facts averred in plaintiff's affidavit filed in support of his entitlement to a divorce under section 201(d); only that plaintiff may proceed with his proof of entitlement to a divorce under said section subject to any defense or defenses of defendant.

## ORDER

And now, May 8, 1981, after argument and for the reasons set forth in the accompanying opinion, it is ordered that defendant's preliminary objection in the nature of a demurrer be and the same is hereby dismissed and defendant may, if she chooses to do so, file an answer on the merits within 20 days after service of a copy of this order upon her attorney.