Marianne Olson, Member of the Pennsylvania Milk Marketing Board, and Jeanne Terrence, Petitioners *v.* George R. Brumbaugh and Donald E. Lanius, Members of the Pennsylvania Milk Marketing Board, Respondents.

Argued December 14, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and DOYLE.

*Thomas B. Schmidt, III, Pepper, Hamilton & Scheetz,* for petitioners.

*Andrew S. Gordon,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, Chief of Special Litigation Section, *Daniel T. Flaherty, Jr.,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE BLATT, January 31, 1983:

This case comes before us under our original jurisdiction, Section 761 of the Judicial Code, 42 Pa. C. S. §761, and in it Marianne Olson and Jeanne Terrence (petitioners) seek to overturn a decision of the Pennsylvania Milk Marketing Board (Board) which relocated the Board's Bureau of Consumer Affairs (Bureau) from Pittsburgh to Harrisburg. Before us now are cross-motions for partial summary judgment.[1] This opinion, however, will address itself only to count four of the petition wherein it is adverred that the Board's action violates certain provisions of the Milk Marketing Law (Milk Law), Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. §§700j-101—700j-1302.[2]

According to the amended stipulations entered into by the parties here, petitioner Olson is the consumer member of the Board and petitioner Terrence was a supervisor in the Bureau's Pittsburgh office. Respondents Brumbaugh (Chairman) and Lanius are the other two members of the Board.

After appointment to the Board in June of 1980, Chairman Brumbaugh commenced an examination of ways to reduce the Board's expenses and streamline its operations, and one of his proposals was to relocate the office here in question. He argued that, because

---

[1] Summary judgment may be entered when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Burd v. Department of Transportation,* 66 Pa. Commonwealth Ct. 129, 443 A.2d 1197 (1982).

[2] The other counts involve constitutional and federal statutory claims.

most of the Board's activities take place in Harrisburg and its records are housed there, travel expenses would be reduced, related facilities of the Department of Agriculture would be more readily accessible, and consumer inquiries could be handled more quickly if the office were to be relocated. His motion to relocate the Bureau was voted on and approved at the December 10, 1980 meeting of the Board with Olson dissenting.

The issue here is one of statutory construction. The petitioners cite to Section 201 of the Milk Law, 31 P.S. §700j-201, which provides in pertinent part: "[of] the members appointed . . . , one shall be appointed to represent consumer interests and shall have the responsibility for directing, coordinating and supervising the Bureau of Consumer Affairs." From this language the petitioners argue that any decision to relocate the Bureau's offices would be for the consumer member to make in that she has the responsibility for "directing" this Bureau. The Board, on the other hand, points to Section 204 of the Milk Law, 31 P.S. §700j-204 which provides in pertinent part: "[t]here shall be established under the direction of the board a Bureau of Consumer Affairs." They argue that this language is controlling and that the Board must be said to have the overall, ultimate responsibility for the location of offices and the assignment of personnel.

The polestar for statutory construction is, of course, the intent of the legislature. And, every statute must be construed so as to give effect, if possible, to all of its provisions. Section 1921(a) of the Statutory Construction Act of 1972 (Act), 1 Pa. C. S. §1921 (a). Moreover, there is a presumption that the legislature does not intend an absurd result, Section 1922(1) of the Act, 1 Pa. C. S. §1922(1), and that it does intend the entire statute to be effective and certain. Section 1922(2) of the Act, 1 Pa. C. S. §1922(2).

At first blush, the two provisions cited here may seem to conflict in that both speak in terms of "directing" the Bureau. We believe, however, that they can not only be construed so as to give effect to both but also as to avoid any absurd or unreasonable construction. Section 201 gives the consumer member the responsibility for directing the daily operations of the Bureau, whereas, Section 204 gives the Board ultimate authority over larger policy decisions, such as the one presented here. To construe the Milk Law as the petitioners would have us do would be to shackle the hands of the Board and to give the Bureau an independent status apart from the Board. This we cannot do. Moreover, Section 220 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §80,[3] gives the Board discretion to establish and maintain branch offices. *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976). This relocation does not appear to be an abuse of that discretion, nor have the petitioners so argued.

Lastly, the petitioners argue that Section 1933 of the Act, 1 Pa. C. S. §1933, requires that the particulars of a statute must control over the general provisions and that the Milk Law must therefore be construed to support their position. This rule of construction, however, applies only if the statutes are irreconcilable, and we have held that, for the reasons noted above, this is not the case here. Moreover, Section 302 of the Milk Law, 31 P.S. §700j-302 provides:

> The operation and effect of any provision of this act conferring a general power upon the board shall *not be impaired or qualified* by the granting to the board by this act of a specific power or powers. (Emphasis added.)

---

[3] The Board is subject to the provisions of this Code. See Section 203 of the Milk Law, 31 P.S. 700j-203.

We will, therefore, grant the cross-motion of the respondents for partial summary judgment and deny the petitioners' motion.

## ORDER

AND NOW, this 31st day of January, 1983, the respondents' cross-motion for partial summary judgment is hereby granted.

And, further, the petitioners' motion for partial summary judgment is hereby denied.