## Geertson v. McCrea

*Stephen W. Furst,* for plaintiff.
*Steven S. Hurvitz,* for defendant.

BROWN, JR., *P.J.,* February 10, 1983—

### FACTUAL BACKGROUND

This matter comes before the court pursuant to preliminary objections filed by plaintiff to defendant's answer and new matter.

Betsy R. Geertson and Charles A. Geertson were husband and wife. On or about March 3, 1982, Betsy R. Geertson and Charles A. Geertson owned approximately 50,072 shares of Cash Reserve Man-

agement, Inc., stock. The stock was owned in tenancy by the entireties. On or about March 3, 1982, Charles A. Geertson liquidated 49,000 of these shares, realizing the sum of $49,000. On or about March 27, 1982, Charles A. Geertson liquidated an additional 1,000 shares of the stock, realizing the sum of $1,000. Charles A. Geertson died on May 5, 1982. Defendant is the executor of the estate of Charles A. Geertson.

Defendant denies that the shares were liquidated without plaintiff Betsy R. Geertson's prior knowledge. Defendant also denies that all proceeds were reinvested in assets solely in Charles A. Geertson's name. Defendant further asserts that all net contributions to the share account were made by Charles A. Geertson. Either Betsy R. Geertson or Charles A. Geertson had the right to withdraw from the share account during their lifetimes.

Plaintiff seeks to impose a constructive trust on those proceeds realized from the redemption of the shares. Defendant has raised as an affirmative defense the Multiple-Party Accounts Act, 20 Pa.C.S. §6301, et seq., which entitles a party to withdraw from a joint account in proportion to his net contribution during his lifetime. Plaintiff has filed preliminary objections in the nature of a demurrer asserting that defendant's answer and new matter fails to state a legal defense to the claim.

## DISCUSSION

Plaintiff's demurrer is grounded upon the assertion that the statute providing the basis for defendant's affirmative defense is not applicable to the case at bar. In aid of her position, plaintiff has offered plaintiff's Exhibit 1, a prospectus of Cash Reserve Management, Inc. The court, upon agree-

ment of both parties, will consider the prospectus in making its decision.

A preliminary objection in the nature of a demurrer admits every well pleaded material fact set forth in the opposing party's pleading, as well as all reasonable inferences derived therefrom. A demurrer does not admit the pleader's averments or conclusions of law. In order to sustain the demurrer, it must appear on the face of the pleading that the new matter does not set forth a legal defense to plaintiff's cause of action. (In the instant case, this principle is relaxed since both parties have agreed that the court should consider plaintiff's Exhibit 1 in making its determination.) A demurrer will not be sustained unless it is free from doubt that defendant's new matter does not state a legal defense to this matter. See Gekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976); Nadine Johnson, Dorothy Morgan v. Associates Commercial Corporation, 16 C.C.L.J. 235 (1981); and cases cited therein.

The issue in this case is whether certain shares of Cash Reserve Management, Inc., titled jointly in names of husband and wife, are subject to the Multiple-Party Accounts Act, 20 Pa.C.S. §6301, et seq.

The particular provision of that act which has been raised as an affirmative defense provides:

"Joint account.— A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sum on deposit, unless there is clear and convincing evidence of a different intent." 20 Pa.C.S. §6303(a).

Plaintiff first argues that said act is not applicable to joint accounts held by husband and wife. We do not agree. Section 6302 provides: "The provisions of this chapter are applicable solely to the determination of property rights among parties to multiple party accounts . . . ." A multiple party account "is

either a joint account or a trust account." A joint account is an "account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship." 20 Pa.C.S. §6301. The words in these definitions are clear and unambiguous. Nowhere is there evidence of a legislative intent to exclude accounts held jointly by husband and wife from the act's application. "When the words of a statute are clear and free from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). Further, it is fundamental that words are to be given their ordinary, common sense meaning. An account between husband and wife with either party having the right to withdraw therefrom is an account payable on request to one or more of two or more parties. Accordingly, we hold that accounts titled in the names of husband and wife are subject to the provisions of the Multiple-Party Accounts Act.

Plaintiff next contends that the creation of an entireties interest indicates an intent that the proceeds of the account were not to belong to the parties in proportion to the net contributions of each. The intent of the parties is a question of fact to be decided at the time of trial. This court cannot rule that, as a matter of law, the creation of an entireties interest indicates that both parties intended that the account belong to each in equal proportions. Although a knowing and understanding creation of an entireties account may be evidence of the parties' intent, such is not free from all doubt. Plaintiff's demurrer on this basis must be denied.

Finally, plaintiff contends that the shares of stock is not an "account" within the meaning of the act, thus making the act inapplicable to the case at bar. The act defines an account as "a contract of deposit of funds between a depositor and a financial insti-

tution, and includes a checking account, savings account, certificate of deposit, share account and other like arrangements." A financial institution is "any organization authorized to do business under State or Federal laws relating to financial institutions, including, without limitation, banks and trust companies, savings banks, building and loan associations, savings and loan companies or associations and credit unions." 20 Pa.C.S. §6301.

The account herein consists of "paper" shares of Cash Reserve Management, Inc., an investment company which invests in short term "money market" instruments. Although principal is not guaranteed, a net value of one dollar per share is attempted to be maintained. Shares may be redeemed through a check cashing procedure whereby a written demand is made upon the New England Merchants National Bank. Dividends, which are declared daily, are not paid directly to the shareholders. They are paid quarterly (monthly payment is at the option of the shareholder) and are automatically reinvested in additional shares, unless otherwise directed.

The definition of an account explicitly includes a "share account" entered into between a depositor and a financial institution. Whether or not Cash Reserve Management, Inc., is a financial institution presents a very interesting and complex question. Cash Reserve Management, Inc., is best described as an investment company. The fact that it is regulated by the Securities Exchange Commission and is not subject to banking statutes is not dispositive here. As defendant aptly points out, the term "investment company" is included in the definition of financial institution in at least federal statutes. See Public Law 93-495, 12 U.S.C. §2502, and Public Law 91-508, 31 U.S.C. §1052(e).

That the legislature intended to define financial institution in the broadest sense possible is obvious. Cash Reserve Management, Inc., engages in the business of investing in the hope of obtaining a high return on its investments. "Financial" relates to money matters. Investment companies deal with monetary investments. Certainly an investment company is a financial institution. Accordingly, plaintiff 's preliminary objections must be denied.

## ORDER

And now, this February 10, 1983, upon consideration of plaintiff 's preliminary objections to the answer and new matter of defendant, said objections are denied.