**Connolly v. Procter and Gamble Distributing Co.**

232

*John J. Aponick, Jr.,* for plaintiff.
*John M. Kunst, Jr.,* for defendant.

PODCASY, *J.,* February 25, 1985—On February 23, 1982, plaintiff commenced this action in trespass and assumpsit by obtaining issuance of a summons against The Procter & Gamble Distributing Company, his former employer, and against both James Arnold and Ernest C. Addy, who had been two of plaintiff's supervisors during his period of employment with Procter & Gamble.

In his complaint, filed approximately two years after commencement of suit, plaintiff avers that he had performed all of his duties as a sales representative of Procter & Gamble in an able, workmanlike, and generally superior manner throughout his entire period of over 18 and one-half years employment leading up to his discharge on July 23, 1980, at which time he was "summarily and arbitrarily" dismissed upon oral notice from defendant Addy. He avers that no written notice of termination was ever delivered to him, and that his termination was "without good reason or just cause," thereby constituting a breach of Procter & Gamble's "express and/or implied contract of employment" with him.

Plaintiff goes on to allege that, as a result of his discharge, he sustained a loss of income, for which he seeks recovery in the first count of his complaint.

Plaintiff then sets forth a second count in which he avers that defendants "intentionally inflicted upon plaintiff emotional distress by reason of their continuous and outrageous course of conduct" against him beginning on or about March 6, 1980 and continuing until his discharge on July 23, 1980.

In paragraph 16 of his complaint, plaintiff avers that the "outrageous course of conduct" on the part of defendants included the making of personally abusive and profane comments to plaintiff in the presence and hearing of others regarding plaintiff's work performance, which comments were false, misleading, and intended to cause plaintiff emotional distress; the making of such statements regarding plaintiff in the presence of customers and competing salesmen; the engaging in repeated and unjustified criticisms of plaintiff's capacity as a sales representative, designed to create feelings of inadequacy on his part; and the subjecting of plaintiff to personal and secretive surveillance. In addition, plaintiff avers, in the same paragraph, that defendants required him to perform multiple irrelevant and picayune tasks not required of other sales representatives similarly situated and never previously required of him, advised plaintiff that he was "getting stale," that he was "not enthusiastic" and that he should seek other employment, and engaged in a comprehensive program of harrassing plaintiff by secret surveillance, excessive and frequent direct supervision, imposition of a probationary period, verbal and written criticisms, and by singling him out for abuse, ridicule, and discipline in a manner not accorded other employees. Finally, plaintiff avers that the "outrageous course of con-

duct" consisted of subjecting him almost daily to uniformly negative evaluations which were intended to falsely represent his performance, abilities, and dedication, and of conspiring to disparage his performance and abilities.

Plaintiff alleges that this course of conduct on the part of defendants was intentional, and that it caused him severe emotional, mental and physical distress, thus impairing his normal enjoyment of life and his ability to perform his responsibilities as a father, homemaker, and wage earner. He seeks both compensatory and punitive damages for the harm allegedly done to him.

Plaintiff's third and final cause of action is directed solely against the individual defendants, Arnold and Addy, whereas the first two counts are directed primarily against the corporate defendant, Procter & Gamble. In his third count, plaintiff accuses Arnold and Addy of intentionally interfering with his contract of employment with Procter & Gamble, by submitting false, inflammatory, and derogatory reports about his work performance, and by making unreasonable demands that he assume responsibilities not normally and usually his or those of others similarly situated.

On June 1, 1984, preliminary objections were filed on behalf of defendants which are designated as being "by way of motion to dismiss the second and third causes of action of plaintiff's complaint."

Pa. R.C.P. 1017, which deals with pleadings allowed in an action in assumpsit, and which also applies to actions in trespass by virtue of R.C.P. 1041, limits preliminary objections to certain specific matters, and does not specifically refer to a "motion to dismiss." The rule does, however, permit interposition of a demurrer as a preliminary objection, and if we are to address defendants' prelimi-

nary objections of June 1, 1984 at all, we can address them only as a demurrer.

The position taken by defendants in their preliminary objections of June 1, 1984, is that plaintiff has failed to state a claim on which relief can be granted in his counts dealing with intentional infliction of emotional distress by all three defendants and intentional interference with plaintiff's employment contract by the two individual defendants.

It is established law in Pennsylvania that a demurrer admits every well-pleaded material fact set forth in the pleading to which it is addressed, as well as all inferences reasonably deducile therefrom, that conclusions of law are not admitted by a demurrer, that if a demurrer is to be sustained it is essential that plaintiff's complaint indicate on its face that his claim cannot be satisfied and that the law will not permit recovery, and that any doubt must be resolved in favor of overruling the Demurrer. Gekas v. Shapp, 469 Pa. 1, 364 A.2d 691 (1976).

Subsection (1) of §46 of Restatement (Second) of Torts, dealing with an individual's interest in freedom from emotional distress, provides as follows:

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

In commenting on this subsection, the authors of the restatement stress that liability has been found to exist only in cases where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. They stress that the liability clearly does not extend to mere insults, indignities, annoyances, petty oppressions, or other

trivialities, and that a major outrage is essential to the tort. The authors then go on to state that conduct which would otherwise be extreme and outrageous may be privileged under some circumstances, and that an actor is never liable where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.

In discussing the relative roles of court and jury, the restatement's authors state that is is for the court to determine, in the first instance, whether a defendant's conduct may reasonably be regarded to be so extreme and outrageous as to permit recovery, and that, in cases in which reasonable men might differ, it is for the jury to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to require imposition of liability.

Finally, the authors of the restatment stress that the law will intervene only where the distress inflicted by the extreme and outrageous conduct is so severe that no reasonable man could be expected to endure it.

The Supreme Court of Pennsylvania has recognized the tort as defined in Restatement (Second) of Torts, and has applied the comments of the authors which prescribe the limitations and scope of the tort. D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, 494 Pa. 501, 431 A.2d 966 (1981); Papieves v. Lawrence, 436 Pa. 401, 263 A.2d 118 (1970). Generally speaking, the tendency in Pennsylvania, as elsewhere, has been to accord the tort a narrow scope, finding it to exist only in very egregious cases. See Cautilli v. GAF Corporation, 531 F. Supp. 71 (1982); Chuy v. Philadelphia Eagles Football Club, 431 F. Supp. 254

(E.D., Pa., 1977), aff'd 595 F.2d 1265 (Third Circuit, 1979).

The question before us in reference to defendants' preliminary objections of June 1, 1984, is whether we can state that, as a matter of law, plaintiff has stated no cause of action against defendants, even if given the benefit of every favorable inference that can reasonably be drawn from the averments of his complaint. Plaintiff's counsel has agreed, during the course of oral argument, that claims against the individual defendants, Arnold and Addy, may be dismissed, and the only remaining question relates to the liability of the corporate defendant, Procter & Gamble.

We are of the opinion that, given the benefit of all favorable inferences, the averments of plaintiff's complaint are sufficient to state a cause of action against the corporate defendant, and that the preliminary objections of June 1, 1984, must be dismissed insofar as they relate to corporate defendant. We shall not belabor this point, for it seems abundantly clear to us that we could not conceivably reach a contrary result. It is true that the averments are not as complete as one might desire, and that greater specificity would be helpful. That, however, is not an issue now before us, for defendants have not sought a more specific pleading.

Simultaneously with the filing and service of the complaint, an answer was filed on behalf of defendants, admitting certain averments of the complaint and purporting to deny other averments in very general terms, alleging that plaintiff had failed to perform his duties in an able manner for approximately two years prior to his discharge, and denying that the discharge was either arbitrary or summary.

We are at a loss to understand why an answer was filed simultaneously with the filing of defendants'

preliminary objections, for the normal practice, and the practice which, in our judgment, is contemplated by the Rules of Civil Procedure, is to interpose preliminary objections to a complaint prior to filing an answer thereto. No explanation has been given to account for this deviation from accepted practice. It would seem appropriate to us that the filing of an answer simultaneously with the filing of preliminary objections might well be considered tantamount to a waiver of the issues raised in the preliminary objections. This point is not raised, however, and we have therefore seen fit to dispose of the preliminary objections as hereinabove set forth.

Incorporated in defendants' answer is certain new matter, in which it is asserted that plaintiff's first count fails to state a claim upon which relief can be granted because the claim had been previously adjudicated in favor of defendants in a civil aciton in the U.S. District Court for the Middle District of Pennsylvania, said civil action having been brought under the Age Discrimination in Employment Act, 29 U.S.C. 621.

Defendant's new matter also asserts that any and all actions taken by defendants Addy and Arnold in reference to plaintiff were taken solely in furtherance of their duties as district manager and unit manager, respectively, of corporate defendant.

Defendants assert in their new matter that plaintiff has also failed to set forth a claim on which relief can be granted in either his second or third counts, that Luzerne County is not the proper venue for plaintiff's claims, that the Luzerne County Court lacks jurisdiction over defendants, and that the action is barred by the statute of limitations.

Following service of defendant's answer and new matter, a reply to new matter was filed on behalf of plaintiff, in which it is asserted that the allegations

contained in the new matter which are to the effect that the complaint fails to set forth causes of action upon which relief can be granted are conclusory in nature and appropriate for inclusion in preliminary objections rather than in new matter.

Plaintiff's reply then goes on to allege that the only issue in the U.S. District Court proceedings was whether or not plaintiff's age was a determining factor in his discharge, and that none of the issues raised in the present proceedings were resolved in the federal suit.

The remainder of the allegations of defendant's new matter are denied in the reply as being either conclusory in nature or as being related to matters of which plaintiff, after reasonable investigation, is without sufficient knowledge or information to form a belief. The one exception to this relates to the residence address of defendant Arnold, which plaintiff claims to have been in Luzerne County at all times material to these proceedings.

On November 7, 1984, more than five months after the filing of the first set of preliminary objections, defendants filed a second set of preliminary objections seeking dismissal of the first count of plaintiff's complaint.

Pa. R.C.P. 1028(b) specifically states that all preliminary objections *shall* be raised at one time. This provision is mandatory. We therefore shall not consider the second set of preliminary objections filed on behalf of defendants.

On January 4, 1985, defendants filed what is referred to as a supplemental offer of evidence in support of the motion for summary judgment.

Inasmuch as no motion for summary judgment has ever been filed by or on behalf of defendants, we cannot consider at this time the "supplemental offer" made on their behalf. The evidence offered is

relevant only to plaintiff's first cause of action, based on his alleged wrongful dismissal, and is therefore not properly before us in view of the fact that the preliminary objections directed to plaintiff's first cause of action were not timely filed.

We have not dealt with issues raised in the preliminary objections but not pursued in oral argument or in defendant's argument brief, for we deem such issues to have been abandoned.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

1. Defendants' preliminary objections are dismissed insofar as they relate to the corporate defendant, The Procter & Gamble Distributing Company;

2. Defendants' preliminary objections are sustained insofar as they relate to individual defendants, James Arnold and Ernest C. Addy, and plaintiff's stated causes of action are dismissed insofar as they relate to said defendants; and

3. The prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa. R.C.P. 236.