## Auto Land Select Cars Inc. v. Lucas

*Anne John,* for plaintiff.
*Carl P. Izzo Jr.,* for defendant.

CICCHETTI, *P.J.,* April 2, 1987 — Presently before the court are defendant's preliminary objections. For the following reasons the preliminary objections are denied in part and granted in part.

Plaintiff filed a complaint alleging that he purchased a vehicle from Jerry Nuzum Chevrolet (Nuzum Chevrolet). Nuzum Chevrolet previously acquired the vehicle from defendant, Michael Lucas. During the course of these transactions, the parties believed the odometer registered true and correct mileage. Plaintiff sold the vehicle to Geza Lux, still believing the odometer to be correct. Subsequently, plaintiff was sued by Lux when it was determined that the odometer had been altered.

Plaintiff argues that due to the alteration in the odometer, the value of the vehicle is less than the amount he paid for it. Furthermore, plaintiff seeks to recover the sums he had to expend to defend the Lux suit.

Defendant's first contention is that plaintiff's complaint fails to state a cause of action since the facts alleged do not indicate any injury or damages sustained by plaintiff. This court finds this contention to be without merit.

"In order to sustain a demurrer, it is essential that plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery." *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976). Furthermore, "[i]f there is

any doubt, this should be resolved in favor of overruling the demurrer." See Id., at 469, Pa. 6, 364 A.2d 693.

Here, this court finds that the complaint is not deficient on its face. The Vehicle Code provides:

"A person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of three times the amount of the actual damages sustained or $1,500, whichever is greater, and, in the case of any successful action to enforce the liability, the costs of the action together with reasonable attorney fees as determined by the court." 75 Pa.C.S. §7138(a).

Therefore, it is possible for an individual to recover damages and attorney fees upon showing that a person with an intent to defraud violated any requirement imposed by 75 Pa.C.S. §7131 et seq.

In the instant case, plaintiff alleged that defendant was the initial owner of the vehicle which the plaintiff purchased from Nuzum Chevrolet. When plaintiff sold the vehicle to Geza Lux, the odometer registered 38,804 miles. At all times the parties believed the odometer registered true and correct mileage. Geza Lux then learned the correct odometer reading should have been at least 52,468 miles. If plaintiff can establish that defendant, with an intent to defraud, tampered with the odometer, then plaintiff can recover pursuant to 75 Pa.C.S. §7138.

Looking at the complaint, the alleged facts indicate that plaintiff sustained injury of damages. Therefore, this court will deny the demurrer.