# United Airlines v. Tevan Management Group Inc.

C.P. of Mercer County, no. 2000-2463.

*Herman L. Feldman,* for the plaintiff.
*Jack W. Cline,* for the defendant.

DOBSON, *J.,* January 29, 2001—The matter before this court for disposition is defendant Tevan Management Group Inc.'s preliminary objections to plaintiff United Airlines' complaint, along with United's preliminary objections to Tevan's preliminary objections. For the reasons hereinafter set forth, the court will overrule Tevan's preliminary objections to United's complaint. As a result, United's preliminary objections to Tevan's preliminary objections are moot.

Tevan operates a travel agency at 117 1/2 South Broad Street, Grove City, Pennsylvania. On November 17, 1997, Tevan entered into an agent reporting agreement with Airlines Reporting Corp., which was acting individually and on behalf of United. ARC is an independent entity that reports the sales, prices, and details of tickets sold by travel agencies to United.

Pursuant to the agent reporting agreement, Tevan was permitted to sell airline tickets for travel on United's flights and was permitted to accept payment from purchasers of such tickets. Once Tevan received full payment for a ticket, it was permitted to release such ticket to the purchaser. Tevan was required to report the sale of each ticket to ARC.

United alleges that in August 1998, Tevan did not report the sale of 33 tickets on United's flights nor did Tevan submit money to either ARC or United for the sale of those tickets. On July 28, 2000 United filed its complaint seeking $65,751.60 plus interest for the payment of the 33 tickets and charges for prepaid ticket advice. On August 29, 2000, Tevan filed preliminary objections to United's complaint.

Tevan has asserted three objections to United's complaint. First, Tevan objects that the Mercer County Court of Common Pleas is the correct forum for the adjudication of this dispute. Tevan alleges that the agent reporting agreement has a clear and definite provision requiring any and all disputes under the agreement to be resolved through arbitration and, therefore, the Mercer County Court of Common Pleas is the incorrect forum pursuant to Pa.R.C.P. 1028(a)(6).

Tevan's next objection is that United's complaint failed to conform to the law or a rule of court. Tevan alleges that United's complaint is legally insufficient pursuant to Pa.R.C.P. 1019(h) because it fails to specifically state that United's claim is based upon a writing and even if the complaint does make a claim based upon a writing, no writing signed by both parties is attached to the complaint.

Tevan's final objection is in the nature of a demurrer alleging United failed to allege any written or oral contract between it and Tevan as a basis for this action. Tevan further alleges that it is legally essential in a breach of contract action to allege and attach an agreement between the parties that is signed by both parties and United failed to attach any such document.

The court will discuss Tevan's second and third objections prior to addressing its first objection. Pa.R.C.P. 1019(h) provides that:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. 1019(h).

Tevan asserts that United's complaint is both legally and procedurally insufficient for failing to conform to Rule 1019(h). Tevan admits that it entered into an agent reporting agreement with ARC, but it contends that United is not a party to the agreement and that United has not signed the agreement. Tevan contends that United's complaint is insufficient because it fails to specifically state that United's claim is based upon a writing, and even if the complaint does make a claim based upon a writing, United has failed to attach a writing between the two parties that would provide United the legal authority to bring suit against Tevan.

Paragraph 4 of United's complaint provides that:

"Plaintiff and defendant are bound by an agent reporting agreement which is a standard agreement between plaintiff and all travel agencies authorized to do business in behalf of plaintiff. The agreement was signed by an authorized officer of defendant corporation, and defendant is bound by its terms. Sections of the 48-page agreement are not relevant and there were pages intentionally left blank. Attached hereto are the pages of the agreement which are relevant."

Furthermore, paragraphs 5, 6, 7, 11 and 45 of United's complaint also refer to the agent reporting agreement as a basis for this action. Therefore, United's complaint, pursuant to Rule 1019(h), has asserted with sufficient specificity that its claim against Tevan is based on a writing.

Ordinarily, a complaint should be stricken for failure to attach an essential document. *Adamo v. Cini,* 656 A.2d 576, 579 (Pa. Commw. 1995). Where the cause of action set forth in a complaint is based upon a writing, only the material part of the writing shall be attached, but if less than the whole is attached, it is in-

cumbent upon plaintiff to aver that the part attached is the material part of the contract. *Maurer v. Township of Coal,* 65 D.&C.2d 112, 114 (1974). In this case, United has attached to its complaint portions of the agent reporting agreement. In its complaint United has asserted that sections of the 48-page agreement are not relevant, therefore it attached only the relevant pages of the agreement.

Tevan asserts that United did not sign the agent reporting agreement, it is not a party to the agreement and United has failed to attach a writing between it and Tevan that would give United the legal authority to bring this suit. The caption to the agent reporting agreement asserts that the agreement is by and between ARC on its own behalf and on the behalf of the carriers and Tevan. United is one of the carriers for which ARC entered into this agreement on its behalf.

"Under the law of agency a contract made by an agent acting within the scope of its delegated authority is considered a contract of the principal." *Pennsylvania Federation of Teachers v. School District of Philadelphia,* 506 Pa. 196, 200, 484 A.2d 751, 753 (1984). Here, ARC is the agent, United is the principal, and United is bound by the agent reporting agreement entered into by ARC on behalf of United. Furthermore, United has stated with sufficient specificity that its claims are based upon the agent reporting agreement, and it has attached the material provisions of the agreement to its complaint pursuant to Rule 1019(h). Therefore, Tevan's preliminary objection that United's complaint failed to conform to the law or a rule of court will be overruled.

Tevan also objects, in the nature of a demurrer, that it is legally essential in a breach of contract action to allege and attach a copy of an agreement between the par-

ties, which is signed by both parties. The only issue to be resolved in considering a demurrer is "whether the facts in the complaint itself are sufficient to entitle the plaintiff to relief." *International Union of Operating Engineers v. Linesville Construction Co.,* 457 Pa. 220, 223, 322 A.2d 353, 356 (1974). "A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law." *Gekas v. Shapp,* 469 Pa. 1, 5, 364 A.2d 691, 693 (1976). The complaint must indicate on its face that the plaintiff's claim "cannot be sustained, and the law will not permit recovery. . . . If there is any doubt, this should be resolved in favor of overruling the demurrer." *Id.* at 5-6, 364 A.2d at 693. (citations omitted)

The same facts discussed in overruling Tevan's preliminary objection that United's complaint failed to conform to Rule 1019(h) are relevant here in discussing Tevan's preliminary objection in the nature of a demurrer. United has alleged a contract between it and Tevan. In fact, in paragraph 4 of its complaint United states that "plaintiff and defendant are bound by an agent reporting agreement." United also refers to and relies on the provisions of the agent reporting agreement throughout its complaint.

United has also attached the relevant pages of the agent reporting agreement to its complaint. Although United did not sign the agreement, ARC, United's agent, entered into such agreement individually and on behalf of United. Therefore, United is bound by the agent reporting agreement and has standing to sue for the enforcement of such agreement. Since United has alleged a contract between it and Tevan, and United attached the relevant portions of such agreement, United's complaint

does not indicate on its face that United's claim cannot be sustained. Furthermore, a demurrer is not the proper basis to challenge a failure to attach documents as required by Rule 1019(h). *Commonwealth ex rel. Zimmerman v. Nickel,* 26 D.&C.3d 115, 138 (1983). The appropriate procedure is a motion to strike for lack of conformity to law. *Id.* Therefore, Tevan's preliminary objection in the nature of a demurrer will be overruled.

Tevan's first, and most compelling, preliminary objection is that United improperly filed this action in Mercer County pursuant to an agreement for alternative dispute resolution. United has alleged in its complaint that both it and Tevan are bound by the agent reporting agreement. Tevan asserts that such agreement has a clear and definite provision requiring any and all disputes under the agreement to be resolved through arbitration. Accordingly, because an agreement for alternative dispute resolution exists which governs this dispute, Tevan contends that Mercer County is the incorrect forum pursuant to Rule 1028(a)(6).

The court must determine whether United and Tevan are bound by an arbitration agreement. "When one party to an agreement seeks to prevent another from proceeding to arbitration, judicial inquiry is limited to determining (1) whether a valid agreement to arbitrate exists between the parties and, if so, (2) whether the dispute involved is within the scope of the arbitration provision." *Midomo Co. Inc. v. Presbyterian Housing Development Co.,* 739 A.2d 180, 186 (Pa. Super. 1999).

In the usual case, the court would address the issue whether an agreement to arbitrate exists before it addresses the scope of the agreement. In this case, the

court chooses to address the second issue first because it is dispositive.

"[I]n order to determine the intent of the parties to a contract, a court should look to the four corners of the document and its express language." *Id.* at 190. "[T]he law favors settlement of disputes by arbitration and seeks to promote swift and orderly disposition of claims." *Id.* "At the same time, . . . a court must be careful not to extend an arbitration agreement by implication beyond the clear, express and unequivocal intent of the parties as manifested by the writing itself." *Id.*

The *Midomo* court asserted that:

"[A] court must apply two basic and seemingly contradictory propositions when deciding whether the parties have agreed to arbitrate a particular dispute:

"(1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute." *Id.*

To resolve this tension, courts should apply the rules of contractual construction, adopting an interpretation that gives paramount importance to the intent of the parties and ascribes the most reasonable, probable and natural conduct to the parties. *Id.* at 190-91. All parts of the contract should be interpreted together, with the goal of giving effect to each of its provisions. *Id.* at 191.

Tevan alleges that section XXIII of the agent reporting agreement provides that any and all disputes under the agreement are to be resolved through arbitration, and United improperly filed this action in Mercer

County. Section XXIII of the agent reporting agreement states:

"Disputes between the agent [Tevan] and ARC shall be resolved by the arbiter in accordance with the rules and procedures promulgated and published by the arbiter and the decision of the arbiter shall be final and binding; provided, however, that neither the agent nor ARC is precluded from seeking judicial relief to enforce a decision of the arbiter, or to compel compliance with a requirement or prohibition of this agreement prior to the filing of an answer in a proceeding concerning such requirement or prohibition before the arbiter."

There is a second provision regarding arbitration under the agent reporting agreement at section XV(B) of the agreement. Section XV(B) states "If there is reason to believe that the agent has breached a provision of this agreement, ARC may file a complaint against the agent with the arbiter."

There is a great discrepancy between the two clauses in the agent reporting agreement dealing with arbitration. The arbitration clause at section XV(B) is dealing with the breach of the agent reporting agreement, while the arbitration clause at section XXIII concerns disputes in the agreement. This is a clear distinction between the two arbitration clauses.

"[A] court must be careful not to extend an arbitration agreement by implication beyond the clear, express and unequivocal intent of the parties as manifested by the writing itself." *Midomo,* 739 A.2d at 190. The wording of the agent reporting agreement itself is clear in that it makes a distinction between a dispute and a breach of the agreement. As the agreement indicates, the arbiter shall resolve disputes, while a breach may be filed with the arbiter. If it had not been the clear, express and

unequivocal intent of the parties to have these two separate and distinct provisions, the parties could have chosen to include only one of the provisions. Such was not the case.

Since the court is to apply the rules of contractual construction, and all parts of the contract should be interpreted together with the goal of giving effect to each of its provisions, the court finds that there are two separate and distinct arbitration clauses under the agreement. United has clearly asserted a claim against Tevan for breach of the agent reporting agreement. United's complaint asserts that Tevan had a duty to report the sale of each ticket to ARC and that Tevan breached this duty by failing to report the sale of 33 tickets for flights on United. United's claims against Tevan arise for a breach of the agent reporting agreement, not a dispute as to the agreement. Since the clause at section XV(B) asserts that if there is a breach of the agreement a complaint may be filed with the arbiter, this implicitly indicates that complaint may also be filed in an otherwise appropriate forum. Therefore, this court holds with positive assurance that neither of the arbitration clauses included in the agreement are susceptible to an interpretation that would mandate any and all claims by United against Tevan to be subject to arbitration.

Pa.R.C.P. 2179(a) provides that a personal action against a corporation or similar entity may be brought in and only in:

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 2179.

Tevan's principal office for business is located at 117 1/2 South Broad Street, Grove City, Mercer County, Pennsylvania. Since Tevan's principal place of business is located within Mercer County, the venue in Mercer County is appropriate.

United's preliminary objections to Tevan's preliminary objections are merely responses to Tevan's preliminary objections. In light of the court's ruling on Tevan's preliminary objections, it is not necessary to rule upon United's preliminary objections. Therefore Tevan's preliminary objections will be overruled and United's preliminary objections are moot.

Hence, this order:

## ORDER

And now, January 29, 2001, it is hereby ordered that defendant Tevan Management Group Inc.'s preliminary objections to plaintiff United Airlines' complaint are overruled, and plaintiff's preliminary objections to defendant's preliminary objections are moot.

It is further ordered that defendant shall file its answer to plaintiff's complaint within 20 days of this date.