555 A.2d 790

**Earl MILLER, on behalf of himself and all other persons similarly situated, Appellants,**

**v.**

**McKEESPORT MUNICIPAL WATER AUTHORITY and City of McKeesport, Appellees.**

**OLYMPIC, INC., operating and doing business under the name of Olympic Lounge & Restaurant, and on behalf of itself and all others similarly situated, Appellants,**

**v.**

**McKEESPORT MUNICIPAL WATER AUTHORITY and City of McKeesport, Appellees.**

Supreme Court of Pennsylvania.

Argued: Sept. 26, 1988.

Decided March 3, 1989.

78

Randy L. Rayl, Leonard M. Mendelson, Cyril H. Wecht, Pittsburgh, William L. Garvin, Ronald M. Buick, McKeesport, for appellants.

Gregory L. Fitzpatrick, Frederick N. Egler, Jr., Egler, Anstandig, Garrett & Riley, Pittsburgh, for McKeesport Mun. Water Authority.

Ronald H. Heck, Patrick J. Shannon, Ronald H. Heck & Associates, P.C., Robert L. Downey, Jr., Pittsburgh, for City of McKeesport.

John S. Sherry, Pittsburgh, for Allegheny County Health Dept.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and STOUT, JJ.

## OPINION OF THE COURT

STOUT, Justice.

These consolidated appeals arise from the same factual background as did *Gall v. Allegheny County Health Dept.*, 98 Pa.Commw. 175, 510 A.2d 926 (1986), and were decided by the Commonwealth Court in reliance thereon. We reversed *Gall*, 521 Pa. 68, 555 A.2d 786 and now reverse *Miller* and *Olympic*.

Earl Miller and Olympic, Inc., a restaurant, filed actions of trespass and breach of contract on behalf of themselves, and others similarly situated, against McKeesport Municipal Water Authority [Water Authority] and the City of McKeesport [City]. The pleadings alleged illness of Miller and economic loss of Olympic, Inc., because of parasite-infested water which was furnished by the Water Authority and the City.

The City and the Water Authority filed preliminary objections, in the nature of a demurrer, claiming governmental immunity under section 8541 of The Governmental Immunities Act.[1] The Court of Common Pleas sustained the objections and dismissed the complaints. The Commonwealth Court affirmed, 104 Pa.Commw. 107, 521 A.2d 95. We affirm in part and reverse in part.

### Appeal of Miller

Appellant Miller alleged that he was harmed by the City and the Water Authority which negligently maintained and operated the municipal water facility which proximately caused a severe outbreak of giardiasis.

1. The Act provides:
   **Governmental immunity generally**
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
   42 Pa.Cons.Stat.Ann. § 8541 (Purdon 1982).

In Counts I and II, Appellant Miller alleged that the City and the Water Authority acted negligently and in a proprietary capacity and were liable to him for general damages in trespass. He also alleged that the City and the Water Authority are not protected under the common law theory of sovereign immunity due to the proprietary nature of their actions. In the alternative, Appellant Miller alleged in Counts III and IV that the City and Water Authority acted negligently by maintaining a dangerous condition at the water facility thereby causing the giardiasis epidemic and resulting in harm to him. If the City and the Water Authority are generally immune from suit under section 8541, Appellant Miller asserted that the allegations of Counts III and IV fall within the exceptions to governmental immunity under 42 Pa.C.S.A. § 8542.[2]

**2.** That section provides:

**Exceptions to governmental immunity**

(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b)....

42 Pa.Cons.Stat.Ann. § 8542 (Purdon 1982).

Subsection (b) provides in relevant part:

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

....

(5) *Utility service facilities.*—A dangerous condition of the facilities of steam, sewer, water or gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

*Id.*

## Appeal of Olympic, Inc.

Olympic, Inc. alleged that the City negligently maintained and operated a municipal water facility proximately causing a severe outbreak of giardiasis resulting in harm to Olympic, Inc., a restaurant. It also alleged the City and its water facility breached a contract between the parties by failing to provide Olympic, Inc. with reasonably clean and safe water thereby causing it damage.

Counts I and III alleged that the City and its water facility entered into a contract with Olympic whereby they agreed to provide Olympic with reasonably clean and safe water in exchange for a reasonable fee. Olympic alleged that this agreement was breached when the City allowed its water facility and system to become infested with giardia cysts thereby causing Olympic damage. Olympic asserted that the actions of the City and its water facility were proprietary and that, therefore, they are liable to Olympic in damages and that, because of the proprietary nature of these actions, the City and its water facility are not protected under the common law theory of sovereign immunity.

In Counts II and IV, Olympic, Inc. alleged that the City and its water facility are liable for general damages in trespass and that they are not protected under the common law theory of sovereign immunity due to the proprietary nature of their actions.

Olympia alleged, in the alternative, that if the City and its water facility are generally immune from suit under section 8541, *supra,* then the allegations of Counts II and IV fall within the exceptions to government immunity under section 8542, *supra.*

### Applicable Law

■■■ As to Counts I and II in the *Appeal of Miller* and Counts I and III in the *Appeal of Olympic, Inc.,* the Commonwealth Court's affirmance of the dismissal of the complaint is affirmed. *Faiella v. Bartoles,* 102 Pa.Commw. 258, 517 A.2d 1019 (1986). As to Counts III and IV of the *Appeal of Miller* and Counts II and IV of the *Appeal of*

82

*Olympic, Inc.,* the Commonwealth Court's affirmance of the dismissal of the complaint is reversed for the reasons stated in our opinion reversing *Gall.*

PAPADAKOS, J., did not participate in the decision or consideration of these cases.