555 A.2d 786

Tiffany GALL, a minor, by Stephen R. GALL, Jr., her parent and natural guardian, and all others similarly situated, Appellants,

v.

ALLEGHENY COUNTY HEALTH DEPARTMENT, McKeesport Municipal Water Authority, and the City of McKeesport, Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 26, 1988.

Decided March 3, 1989.

Randy L. Rayl, Leonard M. Mendelson, Cyril H. Wecht, Pittsburgh, William L. Garvin, Ronald M. Buick, McKeesport, for appellants.

Frederick N. Egler, Jr., Gregory L. Fitzpatrick, Egler, Anstandig, Garrett & Riley, Pittsburgh, for McKeesport Mun. Water Authority.

Ronald H. Heck, Patrick J. Shannon, Ronald H. Heck & Associates, P.C., Robert L. Downey, Jr., Pittsburgh, for City of McKeesport.

John S. Sherry, Pittsburgh, for Allegheny County Health Dept.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and STOUT, JJ.

## OPINION OF THE COURT

STOUT, Justice.

This is an appeal from the affirmance, by the Commonwealth Court, of an Order of the Court of Common Pleas of Allegheny County that sustained preliminary objections, in the nature of a demurrer, of the McKeesport Municipal Water Authority [Water Authority] and the City of McKeesport [City], to the second amended complaint filed by five-year-old Tiffany Gall, her father, Stephen R. Gall, and all others similarly situated. *See Gall v. Allegheny County Health Dep't.*, 98 Pa.Commw. 175, 510 A.2d 926 (1986).

The first amended complaint alleged that The Governmental Immunities Act [Immunities Act], encompassing local agencies by virtue of 42 Pa.Cons.Stat.Ann. § 8541 (Purdon 1982), does not apply because of the exception set forth in 42 Pa.Cons.Stat.Ann. § 8542(b)(5) (Purdon 1982). The complaint also alleged that the defendants' sale of water constituted a breach of the implied warranties of merchantability and fitness for a particular purpose as set forth in the Pennsylvania Uniform Commercial Code, 13 Pa.Cons. Stat.Ann. §§ 2314–2315 (Purdon 1984), respectively.

The gist of the complaint was that plaintiffs became ill with giardiasis and other diseases because the defendants failed to utilize the latest scientific developments to treat and cure water, failed properly to filter the water, failed properly to protect water-retailing systems and water-piping devices to eliminate giardia, failed to take frequent and necessary water samples to determine the existence or non-existence of giardia contamination, and permitted water retaining systems and water piping systems to become contaminated by giardia.

After preliminary objections were sustained, the Galls filed a second amended complaint which alleged, in greater particularity, the duties which the Municipal Authority breached. It also realleged that Immunities Act did not

apply because of the exception set forth in section § 8542(b)(5).

Paragraph two of the second amended complaint stated: Paragraphs 18 and 25 are amended to include the following:

... The Governmental Immunities Act afforded to local agencies by virtue of 42 PA. C.S.A. § 8541 does not apply because of the exception set forth on 42 PA. C.S.A. § 8542(5). The failure of Defendants WATER AUTHORITY and/or CITY to enclose the water retaining systems and/or piping systems as aforesaid and their failure to filter the giardia infested water as aforesaid to eliminate the possibility of giardia infestation for the reasons aforesaid constituted a dangerous condition located within rights of way owned by Defendant WATER AUTHORITY and/or Defendant CITY, and the dangerous condition created a reasonably foreseeable risk of injury to all potential users of the giardia infested water and defendant WATER AUTHORITY and/or Defendant CITY knew or should have known of the aforesaid dangerous condition in time to have taken steps to protect against the creation of said dangerous conditions.

The Court sustained the preliminary objections of the Water Authority and of the City and dismissed the complaint against each.

On appeal, the Commonwealth Court affirmed the trial court's Order sustaining the preliminary objections and held that the Galls had failed to state a claim upon which relief might be granted. The Commonwealth Court was in error and we reverse.

### Standard for Sustaining Preliminary Objections in the Nature of a Demurrer

This Court enunciated the standards for sustaining preliminary objections in the nature of a demurrer in *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976). There it is written:

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer

admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law.... In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery.... If there is any doubt, this should be resolved in favor of overruling the demurrer.

*Id.,* 469 Pa. at 5–6, 364 A.2d at 693 (citations omitted).

With that standard before us, we review the Governmental Immunities Act and the law of implied warranties of merchantability and of fitness for a particular purpose.

### Governmental Immunity

■ The City and the Water Authority rely on governmental immunity as provided by § 8541 of the Immunities Act:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

Exceptions to governmental immunity are set forth in section 8542 of the Immunities Act as follows:

(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits sets forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the

scope of his office or duties with respect to one of the categories listed in subsection (b)

. . . .

Subsection (b) provides, in relevant part:

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

    (5) Utility service facilities.—A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

By the plain reading of the statute, a local agency does not enjoy governmental immunity where there is a dangerous condition of the water facilities located within rights of way if the claimant establishes "that the dangerous condition created a reasonably foreseeable risk . . . and that the local agency had actual notice or could reasonably be charged with notice . . . of the dangerous condition." *Id.*

Applying the *Gekas* standard, it is clear that the Galls' allegation in the second amended complaint did state a cause of action in trespass which is not barred by the Immunities Act.

### Warranties

The Galls set forth complaints against the City and the Water Authority based upon breach of the implied warranties of merchantability and fitness for a particular purpose under the Uniform Commercial Code. Demurrers were sustained to these counts. As to the implied warranty of merchantability, the sustaining of the demurrer was error.

As to the implied warranty of fitness for a particular purpose, there was no error.

## Implied Warranty of Merchantability

■ The implied warranty of merchantability, set forth in section 2314 of the Pennsylvania Commercial Code provides, in relevant part:

> (a) **Sale by merchant.**—Unless excluded or modified ... a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the service for value of food or drink to be consumed either on the premises or elsewhere is a sale.[1]
>
> (b) **Merchantability standards for goods.**—Goods to be merchantable must be at least such as:
>
> . . . .
>
> (3) are fit for the *ordinary* purposes for which such goods are used.

(emphasis added).

The City and Water Authority contend that water was not "goods" to which the implied warranty of merchantability applies. The Commonwealth Court held that there is no implied warranty of merchantability in connection with the sale or supply of water. All three are in error.

"Goods" is defined as:

> [A]ll things ... which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid....

13 Pa.Cons.Stat.Ann. § 2105(a) (Purdon 1984).

Under this definition, "goods" must be "(1) a thing, (2) existing, and (3) movable...." *Helvey v. Wabash County REMC,* 151 Ind.App. 176, 179, 278 N.E.2d 608, 610 (1972).

---

1. "The second sentence of subsection (1) [a of Pa.Code] covers the warranty with respect to food and drink. Serving food or drink for value is a sale, whether to be consumed on the premises or elsewhere. Cases to the contrary are rejected. The principal warranty is that stated in subsections (1) and (2)(c) [ (b)(3) of Pa.Code] of this section." 13 Pa.Cons.Stat.Ann. § 2314 comment 5 (Purdons 1984) (Uniform Commercial Code).

Water is all three. "Whatever can be measured by a flow meter has 'movability' as that term is used in connection with the definition of goods." 1 R. Anderson, *Uniform Commercial Code*, § 2–105:19, at 560 (3rd Ed.1981). All who have paid bills for water can attest to its movability. Under this definition water is "goods." *See Zepp v. Mayor & Council of Athens*, 180 Ga.App. 72, 348 S.E.2d 673 (1986). *Cf. Moody v. Galveston*, 524 S.W.2d 583 (Tex.Civ. App.1975).[2]

The concept of "merchantability" does not require that the goods be the best quality, *American Fertilizer Specialists Inc. v. Wood*, 635 P.2d 592 (Okla.1981) or the best obtainable, *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092 (11th Cir.1983), but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed, *Agri–Business Supply Co. v. Hodge*, 447 So.2d 769 (Ala.Civ.App. 1984), that they be free from significant defects, that they perform in the way that goods of that kind should perform, *Van Wyk v. Norden Laboratories, Inc.*, 345 N.W.2d 81 (Iowa 1984), and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used. *Sessa v. Riegle*, 427 F.Supp. 760 (E.D.Pa. 1977), *aff'd without opinion*, 568 F.2d 770 (3d Cir.1978). *See also* 3 R. Anderson, *Uniform Commercial Code, supra*, § 2–314:29 at 136.

Sustaining of the preliminary objections in the nature of a demurrer to this count was error.

**2.** Other movables which have been considered "goods" within Article 2 of the Uniform Commercial Code are crude oil, *Amoco Pipeline Co. v. Admiral Crude Oil Corp.*, 490 F.2d 114 (10th Cir.1974), gasoline, *Oskey Gasoline & Oil Co. v. OKC Refining, Inc.*, 364 F.Supp. 1137 (D.Minn.1973), wine, *Delano Growers' Cooperative Winery v. Supreme Wine Co.*, 393 Mass. 666, 473 N.E.2d 1066 (1985), vinegar, *Wayne County Vinegar & Cider Corp. v. Schorr's Famous Pickled Products, Inc.*, 118 Misc.2d 52, 460 N.Y.S.2d 209 (N.Y.Civ.Ct.1983), beer, *Warrick Beverage Corp. v. Miller Brewing Co.*, 170 Ind.App. 114, 352 N.E.2d 496 (1976), and milk, *Spiering v. Fairmount Foods Co.*, 424 F.2d 337 (7th Cir.1970). *See also* Annotation, *What Constitutes "Goods" Within the Scope of U.C.C. Article 2*, 4 A.L.R. 4th 912 (1981).

### Implied Warranty of Fitness for a Particular Purpose

A warranty of fitness for a particular purpose is based upon a special reliance by the buyer on the seller to provide goods that will perform a specific use envisaged and communicated by the buyer.

Section 2315 of the Pennsylvania Commercial Code provides:

> Where the seller at the time of contracting has reason to know:
>
> (1) any particular purpose for which the goods are required; and
>
> (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods;
>
> there is ... an implied warranty that the goods shall be fit for such purpose.

The Official Comment to section 2315 explains the difference between the 'particular' and the 'ordinary' purposes in the implied warranties of fitness for a particular purpose and merchantability:

> A "particular purpose" differs from the "ordinary purpose" for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary gound, but a seller may know that a particular pair was selected to be used for climbing mountains.

*Id.* comment 2.

The sale of water for drinking and household use does not carry with it the implied warranty of fitness for a particular purpose, therefore, the sustaining of preliminary objections in the nature of a demurrer to this count was proper.

The Galls' complaint states causes of action that are cognizable under the exception provided by 42 Pa.Cons.Stat.

Ann. § 8542(b)(5) (Purdon 1982), and under the implied warranty of merchantability as provided by 13 Pa.Cons. Stat.Ann. § 2314 (Purdon 1984), but it does not state a cause of action under the implied warranty of fitness for a particular purpose under 13 Pa.Cons.Stat.Ann. § 2315 (Purdon 1984).

As to the causes of action for negligence and for breach of the implied warranty of merchantability, the Commonwealth Court is reversed; as to the cause of action for breach of the implied warranty of fitness for a particular purpose, it is affirmed.

PAPADAKOS, J., did not participate in the consideration or decision of this case.