[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff landlord, Richard King, d/b/a Middlesex Realty commenced the, instant action against the defendant tenant, Philip Johnson by serving him with s writ, summons and complaint on November 8, 2002.
When filing out the summons in this matter, the plaintiff requested that the appearance of "Richard King, 606 Main Street Middletown 06457". It is apparent from the records that Mr. King is not a licensed and practicing attorney in the state of Connecticut. The Court notes that he placed his signature in an area of the Summons that indicates a plaintiffs signature is required if the plaintiff is pro se.
Subsequently to the filing of the Complaint, upon examining the records in this matter, the Court discovered that there may be an issue concerning its subject matter jurisdiction for reason that an individual member of a partnership may have filed an appearance on behalf of the plaintiff partnership.
It is well settled law in this State that when a partnership is involved in a civil action all of the interested parties to the partnership must be either have a pro se appearance or be represented by counsel.
The requirement that all interested parties of a general partnership be represented either in their own individual capacities, i.e., pro se or by counsel, is a substantive requirement. Noncompliance with such a rule is a "jurisdictional defect that may be raised on the court's own motion." See Lo Sacco v. Young, 210 Conn. 503, 508, 555 A.2d 786 (1989). Having all the parties in interest before the court invokes subject matter jurisdiction, we cannot adjudicate the interests of parties who are not present.
Expressway Associates II v. Friendly Ice Cream, 34 Conn. App. 543, 552
CT Page 41 at fn 10 (1994)
 [T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." Daley v. Hartford, 215 Conn. 14, 27-28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990). "[T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear." Sasso v. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066
(1985). Moreover, "[t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Sadloski v. Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993), on appeal after remand, 235 Conn. 637, 668 A.2d 1314 (1995).
 Webster Bank v. Zak, 259 Conn. 766, 744 (2002).
The instant action was commenced by a pro se individual. However on December 30, 2002, attorney Mark A. Balaban filed an Appearance on the behalf of the plaintiff. The plaintiff asserts that the filing of the Appearance cures any defect concerning the suit being commenced by a pro se individual. This Court does not agree with said assertion. As was previously stated, the manner in which this action was commenced implicates the Court's subject matter jurisdiction.
It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) Blakeney v.Commissioner of Correction, 47 Conn. App. 568, 572, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).
Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201, 208 (2001).
Whereas this action was commenced by a pro se on the behalf of a partnership, it is null and void from its inception
[A]n individual who is not an attorney and who is a general partner of a partnership may not appear and participate, pro se, in a [court action] on behalf of a general partnership. Because the [court action] was filed by Sakon, pro se, on behalf of the partnership, the [court action] must be dismissed.[1]
CT Page 42
Expressway Associates II v. Friendly Ice Cream, 34 Conn. App. 543, 551
(1994).
The commencement of this action was fatally defective. Having made the determination that the Court does not have jurisdiction, the plaintiff may not proceed. The Court simply does not have the power to hear the matter before it. The fact that an Appearance of an attorney was filed subsequently to the commencement of this matter does not cure the fatal defect for reason that it was void at its inception.
For the foregoing reasons, a judgment of dismissal for lack of subject matter jurisdiction may enter. So ordered.
 ___________________ Richard A. Robinson, J. January 6, 2003