# McFadden v. Li & Fung Ltd.

*Kevin M. Conaboy*, for plaintiffs
*Stephan A. Cornell*, for defendants

WILLIAMSON, *J.*, May 9, 2013—Plaintiffs commenced this action by filing a complaint on February 11, 2013. Defendant Tractor Supply Company (TSC) filed preliminary objections to plaintiffs' complaint on March 18, 2013, and a memorandum of law in support thereof on April 19, 2013. Plaintiff filed a brief in opposition to preliminary objections on May 2, 2013. Oral argument was heard before the court on May 6, 2013. We are now ready to dispose of the preliminary objections.

This matter arises from an incident that occurred on March 21, 2011, at the TSC store in Pocono Summit, Pennsylvania. Plaintiffs allege that Dawn McFadden sustained injuries when she attempted to sit on a display swing located in the store. The swing collapsed and caused Dawn McFadden to fall to the ground. Plaintiffs' complaint alleges causes of action for negligence, strict products liability and breach of warranty.

## DISCUSSION

In ruling on preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990).

The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Defendant's preliminary objections are as follows: (1) an objection to all counts of the complaint for insufficient specificity of pleading[1]; (2) a demurrer to plaintiffs' strict liability claim (count II); and (3) a demurrer to plaintiffs' breach of warranty claim (count III).

## I. Insufficient Specificity

TSC's first preliminary objection asks the court to dismiss the complaint due to insufficient specificity pursuant to Pennsylvania Rule of Civil Procedure 1019(a), which states that "the material facts in which cause of action or defense is based, shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). The allegations in the complaint "must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim." *Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 723 (Pa. Super. 1997) *citing Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1993).

Specifically, TSC asserts that the complaint is unclear as to whether there was a sale of goods, which in turn fails to apprise TSC of the claims against it. Similarly, TSC asserts that the complaint fails to specify its breach of warranty claim.

---

1. TSC did not include this issue in their memorandum in support of preliminary objections. TSC acknowledged at argument there was no issue regarding the negligence count.

Plaintiffs' complaint, when taken as a whole, places the defendants on sufficient notice of the claims asserted against them. Paragraph 19 of plaintiffs' complaint alleges that "Defendant, Tractor Supply Company, designed, manufactured, assembled, constructed, fabricated, sold, distributed and/or placed in the consumer market for sale, use distribution and/or rental to customers and use by the public at large, including the swing [in] question, which was intended by the Defendant to be used and was used by said customers in and about the Commonwealth of Pennsylvania." *See Complaint*, ¶19. Paragraph 30 of the complaint alleges that "[t]he Defendant, Tractor Supply Company, was at all times material hereto, a merchant/seller with respect to the swing in question and expressly and/or impliedly warranted to users and consumers thereof that said product was merchantable and fit for the particular purposes for which it was required, intended, sold and used." *See Complaint*, ¶30. These paragraphs, along with the rest of the complaint, adequately apprise the defendants of the strict liability and breach of warranty claims that are being asserted against them. Therefore, TSC's first preliminary objection is overruled.

## II. Demurrers to Counts II and III

TSC's second and third preliminary objections are demurrers to counts II and III of the complaint for legal insufficiency of pleading. TSC argues that the complaint fails to set forth viable claims for strict liability and breach of warranty because plaintiffs do not aver that TSC sold the swing to them, or that TSC expressed any communication of the warranty terms to them.

A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*, 672 A.2d 1359 (Pa. Super. 1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994).

Both parties agree that the elements required for a strict liability claim are set forth as follows:

1. A product;

2. Sale of that product;

3. A user or consumer;

4. Defective condition;

5. Unreasonably dangerous; and

6. The product caused physical harm to the ultimate user or consumer or to his property.

*Schriner v. Pa. Power and Light Co.*, 501 A.2d 1128, 1132 (Pa. 1985). TSC argues that plaintiffs have not averred that they purchased the display swing from TSC, and therefore, the claim of strict liability would be legally insufficient because an element was not plead. A simple reading of the complaint shows that plaintiffs properly plead the second element of strict liability. As quoted above, paragraph 19 of the complaint avers that TSC, "designed, manufactured, assembled, constructed, fabricated, *sold*, distributed and/ or placed in the consumer market for sale, use, distribution and/or rental to customers and use by the public at large" the swing in question. At this point in the pleadings, since

the court must accept well-pleaded allegations as true, we find that the plaintiffs have made out a claim for strict liability in count II of the complaint.

Similarly, we find that the plaintiffs have adequately alleged a claim for breach of warranty under count III of the complaint. As explained above, plaintiffs have alleged the sale of the swing, and therefore, that element has been met for purposes of surviving a demurrer.

An implied warranty of fitness for a particular purpose is breached when a seller: "(1) on whose skill and judgment a buyer relies, and (2) who has reason to know, at the time of contracting, (3) of a particular purpose for which the goods are required, (4) fails to provide goods that perform to the specific use contemplated by the buyer." *Gall v. Allegheny County Health Department*, 555 A.2d 786(Pa. 1989).

TSC argues that the claim for breach of warranty should be dismissed for the additional reason that Plaintiffs have failed to aver that they ever communicated to TSC their intention to use the display swing for a particular purpose. However, this argument rings hollow upon examination of the complaint, particularly, paragraph 35. Plaintiffs allege "The Defendant, Tractor Supply Company, knew or had reason to know when it sold, distributed and supplied the swing in question the particular purposes for which the swing was required, intended, sold, leased and proposed for use." *See Complaint*, ¶35. Plaintiffs plead that TSC knew or had reason to know of their intended use of the swing. The logical inference from that allegation is that TSC knew or had reason to know that the plaintiff was

going to sit on the swing. Therefore, count III of the complaint has been properly plead, and TSC's second and third preliminary objections are overruled.

It should be noted that TSC attached plaintiffs' answers to request for admissions to their memorandum of law. A court cannot consider matters collateral to the complaint when considering a demurrer, such as answers to a request for admissions. *Stilp v. Com.*, 910 A.2d 775 (Pa. Cmwlth. Ct. 2006). If TSC wishes to argue that the plaintiffs cannot recover on their claims as a matter of law due to their answers to request for admissions, the proper procedure is to file a motion for summary judgment at the close of discovery.

## ORDER

And now, this 9th day of May, 2013, after consideration of the preliminary objections of defendant, Tractor Supply Company, to the complaint of plaintiffs, Dawn and Barry McFadden, and following oral argument, it is hereby ordered as follows:

1. Defendant's first objection in the nature of a motion for more specific pleading is overruled.

2. Defendant's second objection in the nature of demurrer is overruled.

3. Defendant's third objection in the nature of a demurrer is overruled.

4. The defendant shall file an answer to the complaint within twenty (20) days of the date of this order.