**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2107
_____

AMERICAN ATELIER, INC.,
                                        Appellant

v.

MATERIALS, INC.


_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-13-cv-07138)
District Judge: Hon. Gerald A. McHugh
_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2017
_____

Before: SMITH, Chief Judge, JORDAN and SHWARTZ, Circuit Judges.

(Filed: January 18, 2017)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

American Atelier, Inc. ("AAI") appeals from the District Court's order granting summary judgment in favor of Materials, Inc., on AAI's claims for breach of the implied warranty of merchantability and breach of contract. For the reasons set forth below, we will affirm.

## I

AAI manufactures furniture for the hospitality industry. Loews Hotels hired AAI to manufacture furniture for its Philadelphia hotel. Loews and its interior designer required that the furniture incorporate white veneers made of anigre wood that were manufactured by Tabu, an Italian company. Tabu creates these white veneers by bleaching and dying anigre wood, which is brown in its natural state.

AAI entered into a contract to purchase the veneers from Materials, the exclusive distributor for Tabu products in the United States. AAI manufactured the furniture using the veneers, and Loews installed the furniture in its hotel rooms. Several months after the furniture was installed, Loews complained that the portions of the veneers that were exposed to light had discolored to an unattractive yellow-brown shade, while veneers not exposed to light remained white. Loews demanded that AAI replace all of the discolored veneers. AAI ultimately replaced them with maple veneers.

AAI sought to recover the costs associated with replacing the veneers and sued Materials, alleging, among other things, claims for breach of the implied warranty of

merchantability and breach of contract.[1]  Following discovery, Materials filed a motion

for summary judgment.  The District Court granted the motion in part, concluding that

AAI could not establish that the veneers were defective because bleached veneers are

inherently prone to discoloration, and the contract had not been breached.[2]  AAI appeals.

II[3]

---

[1] The District Court dismissed AAI's claim for breach of the implied warranty of fitness for a particular purpose, concluding that the contract expressly disclaimed that warranty.  AAI did not appeal this ruling.

[2] The District Court entered a final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to these claims but denied summary judgment and retained jurisdiction over a claim that certain veneers were moldy.  The decision to certify a judgment as final is "left to the sound judicial discretion of the district court," Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980), to which we give "substantial deference," id. at 10.  Of course, "sound judicial administration does not require that Rule 54(b) requests be granted routinely," id., given the "historic federal policy against piecemeal appeals," id. at 8 (citation and internal quotation marks omitted).  The District Court recognized this policy when it found that certification here "would not result in piecemeal appeals of [the] different claims," but rather would facilitate litigation, avoid unnecessary expenses, and possibly prevent the need for a trial on the smaller claim based on the moldy veneers.  App. A23.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  See Elliott v. Archdiocese of N.Y., 682 F.3d 213, 219 (3d Cir. 2012) ("Under Rule 54(b), however, a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291.").  Our review of the District Court's grant of summary judgment is plenary.  Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013).  We apply the same standard as the District Court, viewing facts and making all reasonable inferences in the non-movant's favor.  Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law."  Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of [its]

3

A

We will first address AAI's claim for breach of the implied warranty of merchantability. Under Pennsylvania law,[4] "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 13 Pa. Cons. Stat. Ann. § 2314(a). The Pennsylvania Supreme Court has explained that

> [t]he concept of "merchantability" does not require that the goods be the best quality, or the best obtainable, but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed, that they be free from significant defects, that they perform in the way that goods of that kind should perform, and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used.

Gall by Gall v. Allegheny Cty. Health Dep't, 555 A.2d 786, 789–90 (Pa. 1989) (citations omitted). Thus, to establish a breach of this warranty, a plaintiff must show, among other things, that the product at issue was defective. Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1105 (3d Cir. 1992). A plaintiff can meet this burden by proving that the product "functioned improperly in the absence of abnormal use and reasonable secondary causes." Id. (citation and internal quotation marks omitted).

AAI argues that the veneers were defective because they turned to a shade of brown that was unacceptable and required replacement. However, this color change does not indicate that the veneers "functioned improperly." Altronics, 957 F.2d at 1105 (citation and internal quotation marks omitted). As AAI's expert reports explain,

---

case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[4] The parties do not dispute that Pennsylvania law applies.

4

bleached veneers are inherently susceptible to discoloration as a result of light exposure. Accordingly, the fact that veneers exposed to less light retained their color and that veneers exposed to light discolored is entirely consistent with how they were expected to function and thus is not evidence that they were not of a "reasonable quality" for bleached veneers. Gall, 555 A.2d at 789. Therefore, while bleached veneers may have more limited uses than non-bleached veneers because bleached veneers used in areas exposed to light may change color, the veneers here were "suitable" for ordinary use in furniture and performed in line with "the way that goods of that kind should perform." Id. Because AAI has not produced evidence from which a jury could conclude that Materials' veneers were defective, we will affirm the District Court's ruling on AAI's breach of the implied warranty of merchantability claim.

B

AAI's breach of contract claim also fails.[5] To prove a claim for breach of contract, a plaintiff must show that (1) a contract existed between the parties, (2) the defendant breached a duty imposed by that contract, and (3) the plaintiff suffered

---

[5] In its reply brief, AAI suggests that it did not have an opportunity to oppose summary judgment on its breach of contract claim because Materials' motion for summary judgment explicitly addressed only the claim for breach of the warranty of merchantability. A court is required to give a party notice that it is considering granting summary judgment and an opportunity to oppose summary judgment. Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 222–23 (3d Cir. 2004). Here, AAI received such notice and had the opportunity to respond. AAI filed a brief in opposition to Materials' motion for summary judgment on the warranty claim, which overlapped substantially with the breach of contract claim; the District Court sent a notice to the parties indicating that it was considering granting summary judgment on AAI's entire complaint and cancelling the trial date; and the District Court permitted the parties to file supplemental briefs and present oral arguments. Thus, AAI's claim that it had no opportunity to defend its breach of contract claim lacks merit.

damages as a result. McShea v. City of Phila., 995 A.2d 334, 340 (Pa. 2010). There is no dispute that the parties had a contract. The contract required Materials to supply white anigre veneers. AAI asserts that this requirement was breached because the veneers provided did not remain white. While it is true that the veneers that were exposed to light changed color, the contract specifically notified AAI that discoloration could occur. See App. A341 ("All wood surfaces, like all materials, will alter in color due to exposure to ultraviolet (UV) light or simply aging of the wood."). In addition, the contract specifically stated that "[s]ince [Materials] has no control over end products fabricated with the materials sold, no warranty is expressed or implied. . . . [Materials] makes no warranty based on any usage of trade or fitness for any particular use. Buyer assumes all risks resulting from the use with other substances or in any process." App. A341. Tabu provided the veneers to Materials, Materials distributed them to AAI, and AAI used the veneers in the furniture. Materials explicitly notified AAI that it made no warranty concerning such products and by entering into the contract, AAI thereby disclaimed any warranty covering the product when used in the way AAI did—in furniture that would be placed in areas exposed to light. Thus, aware there were no warranties, AAI received what it was promised, white anigre veneers.

AAI also argues that Materials breached the contract because the contract states that Materials "stand[s] behind the recommendations of the [Architectural Woodwork Institute ('AWI')] Architectural Woodwork Quality Standards," App. A341, and these standards state that bleached veneers should be avoided because of potential finishing problems. AAI apparently takes the position that Materials breached the contract by

6

selling bleached veneers because the AWI standards discourage the use of bleached veneers.  The sole purpose of the contract, however, was the sale of bleached veneers.  To conclude that Materials was prohibited from selling such products because of its general statement that it "stand[s] behind" AWI's recommendations would be illogical and thus unreasonable.  We are obligated to give the contract a "reasonable construction," Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1011 (3d Cir. 1980) (citation omitted), and it is not reasonable to conclude that a contract for the sale of bleached veneers simultaneously prevents the sale of bleached veneers.  See id. at 1012 n.13 ("If no 'reasonable' alternative meanings are put forth, then the writing will be enforced as the judge reads it on its 'face.'" (citation omitted)).  Accordingly, we agree with the District Court that these standards are not a strict limitation on the products Materials is permitted to sell.  Therefore, we will affirm the District Court's ruling on AAI's breach of contract claim.

III

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of Materials.

7