J-S65043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANA YOUNG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLOBAL TEL LINK | : | No. 930 MDA 2018 |

Appeal from the Order Entered May 16, 2018
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-851-2018

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: JANUARY 29, 2019**

Dana Young is an inmate in state prison. He filed a Complaint against Global Tel Link ("GTL"), and a petition to proceed *in forma pauperis* ("IFP"). The trial court found his action was frivolous, and entered an order denying leave to proceed IFP and dismissing the Complaint. **See** Pa.R.C.P. 240(j). Young appeals from that order. We affirm.

Young's Complaint alleged that he purchased music from a tablet he purchased from the Pennsylvania Department of Corrections ("DOC"). **See** Complaint, filed May 10, 2018 at 1. He claimed that GTL breached an implied warranty of fitness for particular purpose. **Id.** at 3. He alleged that in 2016, he purchased 8 "unrestricted" songs for a total of $14.40. **Id.** at 2. In 2017, he allegedly purchased an upgraded tablet from the DOC that required him to download the songs he previously purchased in 2016 onto the new tablet. **Id.** However, after he downloaded the songs they were no longer "unrestricted."

*Id.* Young emailed GTL and requested a refund. *Id.* GTL responded via email that Young would not receive a refund. *Id.* He alleged that he was unable to enjoy the songs and therefore "incurred damages of $14.40 for the purchase of the eight (8) songs and at least $19,985.50 of enjoyment loss." *Id.* at 3.

When Young filed the Complaint, he also filed a motion to proceed IFP. The trial court denied the motion and dismissed the Complaint, pursuant to Pa.R.C.P. 240(j), concluding that Young's action was frivolous. *See* Order, filed May 16, 2018. This timely appeal followed.

On appeal, Young raises one issue: "Whether the trial court improperly dismissed [Young's] Complaint alleging [b]reach of [w]arranty [of] fitness for particular purpose as frivolous pursuant to Pa.R.C.P. 240(j), where [Young] purchased eight (8) unrestricted songs from [GTL] that was subsequently restricted rendering them unusable?" Young's Br. at 3.

"Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa.Super. 2009).

When a party is without the financial resources to pay the costs of litigation, Rule 240 provides a procedure by which the party may proceed IFP. *Id.* When presented with a petition to proceed IFP, the trial court, "prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding

- 2 -

or appeal is frivolous." Pa.R.C.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.C.P. 240(j)(1), Note (quoting **Neitzke v. Williams**, 490 U.S. 319, 325 (1989)); **Ocasio**, 979 A.2d at 354.

Young contends that the trial court improperly dismissed his action because his Complaint set forth a cause of action for breach of the implied warranty of fitness for a particular purpose. We disagree.

An implied warranty of fitness for a particular purpose exists "[w]here the seller at the time of contracting has reason to know: (1) any particular purpose for which the goods are required; and (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods." 13 Pa.C.S.A. § 2315. "A warranty of fitness for a particular purpose is based upon a special reliance by the buyer on the seller to provide goods that will perform a specific use envisaged and communicated by the buyer." **Gall by Gall v. Allegheny County Health Dept.**, 555 A.2d 786, 790 (Pa. 1989).

"A 'particular purpose' differs from the 'ordinary purpose' for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business." **Id.** (citation omitted). For example, in **Gall**, the Supreme Court upheld the dismissal of a claim that the sale of water for

drinking and household use constituted a breach of the implied warranty of fitness for a particular purpose. *Id.*[1]

Here, the trial court concluded that Young's Complaint was frivolous because "a cursory review of the Complaint reveal[s] that the trivial amount claimed as damages of $14.40 is not commensurate with Young's claim of $19,985.50 in damages representing his 'loss of enjoyment.'" Trial Court Opinion, filed July 9, 2018. Although the trial court's damages analysis does not support its conclusion, we nonetheless agree Young's action is frivolous, albeit for different reasons. *See Commonwealth v. Williams*, 73 A.3d 609, 617 n.4 (Pa.Super. 2013) (stating we may affirm trial court on any basis).

A review of Young's Complaint establishes that it is in fact frivolous because his Complaint fails to set forth a valid cause of action. His Complaint fails principally because he alleged no facts showing a particular purpose for which he allegedly purchased the songs. At best, Young purchased the songs to listen to them. However, listening to the songs is not a particular purpose but the ordinary purpose of downloaded music. *See Gall*, 555 A.2d at 790.

Even if he had alleged a "particular" purpose, which he did not, his Complaint would still fail because he alleged no facts to establish that GTL knew of any "particular" purpose for which he allegedly purchased the songs,

---

[1] *See also Morello v. Kenco Toyota Lift*, 142 F. Supp. 3d 378, 390 (E.D. Pa. 2015) ("A safe, defect-free forklift goes to its 'ordinary purpose' not its 'particular purpose.'"); *Solarz v. DaimlerChrysler Corp.*, No. 2033 April Term 2001, 2002 WL 452218, at *9 (Pa. Com. Pl. Mar. 13, 2002) ("'[S]afe and reliable family transportation' is not a particular purpose of a minivan, but rather its ordinary purpose.").

or that he relied on any "expertise" of GTL to furnish a product suitable for his "particular" purpose. ***See Integrity Carpet Cleaning, Inc. v. Bullen Cos.***, No. CIV.A. 08-4127, 2011 WL 31397, at *6 (E.D. Pa. Jan. 5, 2011) (dismissing action where plaintiff did not rely on defendant's skill and knowledge to furnish products appropriate for plaintiff's "particular" use). Nor does he allege that it was GTL – rather than, for example, prison authorities, for a valid penological reason – that caused the songs to be "restricted." Indeed, that is what GTL stated had happened, according to the letter Young attached as an exhibit to his appellate brief. ***See*** Young's Br., Ex. B ("[N]ow some of the songs that he purchased have been restricted by the [Pennsylvania Department of Corrections]."). We therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/29/2019

- 5 -